# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

VICTOR J. HORNA,

        Petitioner,    :    Case No. 1:15-cv-680

  - vs -                  District Judge Susan J. Dlott
                           Magistrate Judge Michael R. Merz

WARDEN,
 Chillicothe Correctional Institution,

                             :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for recommendation on the merits. Mr. Horna first filed his Petition (ECF No. 3). On Judge Litkovitz's Order (ECF No. 4), the Respondent then filed the State Court Record (ECF No. 5) and a Return of Writ (ECF No. 6). Petitioner timely filed a Traverse (ECF No. 7) and the case is therefore ripe for decision.

Petitioner pleads the following grounds for relief:

> **Ground One**: Due Process and Equal Protection
>
> **Supporting Facts:** As provided by statute via the General Assembly, the courts failed at the plea hearing and at sentencing to comport with legislative mandates for "first-time" offenders. The bill of information cannot cure a statutory defect nor can Petitioner consent or acquiesce subject-matter jurisdiction where it is otherwise lacking. The "truth-in-sentencing" guidelines as intended by the legislature were ignored by the courts and counsel.
>
> **Ground Two:** Double Jeopardy
> **Supporting Facts:** Despite the legislative provision of [Ohio Revised Code] § 2941.25 which codifies the protections of the Double Jeopardy Clause, Petitioner was not afforded this statutory

>mandate and constitutional provision which prohibits multiple punishments for offenses of similar import. Counsel and the court at the plea hearing and at sentencing did not address, resolve, or submit any waivers of this Fifth Amendment right.
>
>**Ground Three:** Ineffective Assistance of Counsel
>
>**Supporting Facts**: At all critical stages, counsel failed in his clear duty to advise Petitioner of his rights under the existing language of the legislature, the Ohio Constitution, and the United States Constitution. Moreover, despite ignoring the felony sentencing mandates, counsel advised Petitioner to be less than truthful at the plea hearing

(Petition, ECF No. 3).

**Procedural History**

Having waived indictment, Mr. Horna was charged by Information with one count of gross sexual imposition and one count of unlawful sexual conduct with a minor (State Court Record, ECF No. 5, PageID 48). He pleaded guilty at arraignment to both counts and was sentenced to four years on each count with the terms to run consecutively. *Id.* at PageID 56. He took no immediate appeal, but was given permission by the Twelfth District Court of Appeals to file a delayed direct appeal. *Id.* at PageID 64. Proceeding pro se, he raised two assignments of error:

1.	Whether the trial court committed prejudicial error in failing to abide by the sentencing guidelines as legislatively promulgalgated [sic]?

2.	Whether Appellant was deprived of effective assistance of counsel?

Appellant's Brief, *Id.* at PageID 66. The Twelfth District Court of Appeals overruled both

assignments of error and the Ohio Supreme Court declined review.  *State v. Horna,* No. CA2013-11-210, 2015 Ohio App. LEXIS 1643 (12th Dist. May 4, 2015); jurisdiction declined, 143 Ohio St. 3d 1466 (2015).  Mr. Horna then timely filed his Habeas Corpus Petition in this Court on November 9, 2015.

# Analysis

**Ground One:  Due Process and Equal Protection**

In his First Ground for Relief, Horna asserts the Common Pleas Court did not "comport with legislative mandates for 'first-time' offenders."  However, as this claim was argued to the Twelfth District, it was that the Common Pleas Court failed to make the statutory findings required before imposing consecutive sentences.  *State v. Horna, supra*, ¶ 7.  The Twelfth District overruled this portion of the argument, holding:

> **[\*P11]** Here, the record establishes that the trial court made the findings required by R.C. 2929.14(C)(4) before ordering Horna's sentences be served consecutively. Specifically, in ordering Horna to serve consecutive sentences for gross sexual imposition and unlawful sexual conduct with a minor, the trial court made the following findings at the sentencing hearing:
>
>> The Court will specifically find that * * * consecutive sentences are necessary to protect the public and to adequately in this case, very much adequately punish [Horna] are not disproportionate.
>>
>> And the Court will find in addition to that that the harm to the victim in this case was so great or unusual that a single term does not adequately reflect the seriousness of

> your conduct. * * * Seven, eight years of this type of conduct and behavior and control and victimizing this little girl. So for those reasons, the Court will find that consecutive sentences are necessary, and appropriate.

**[*P12]** The sentencing entry incorporated those findings, specifically stating that:

> The Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court also finds that: * * * [a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great and unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct.

**[*P13]** Thus, the trial court found that (1) consecutive sentences were necessary to protect the public, (2) consecutive sentences were not disproportionate to the seriousness of his crimes, and (3) Horna engaged in the two offenses as part of a course of conduct over a number of years and the harm was so great or unusual that a single term would not reflect the seriousness of his crimes. Accordingly, the trial court made the statutorily required findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive terms.

*State v. Horna, supra.*

Respondent argues Petitioner's First Ground for Relief does not state a claim of a federal constitutional violation (Return, ECF No. 6, PageID 154-58. Petitioner responds that violations of state law can constitute deprivations of federal constitutional rights, particularly of due process of law. (Traverse, ECF No. 7, PageID 164-66).

Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). "A mere error of state law is not a denial of due process." *Rivera v. Illinois*, 556 U.S. 148, 158 (2009), *quoting Engle v. Isaac*, 456 U.S. 101, 121, n. 21

(1982). "The Due Process Clause, our decisions instruct, safeguards not the meticulous observance of state procedural prescriptions, but 'the fundamental elements of fairness in a criminal trial." *Rivera*, *quoting Spencer v. Texas,* 385 U.S. 554, 563-64 (1967). See also *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995)( "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable.").

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Mr. Horna never claimed in the Twelfth District that the asserted failure of the Common Pleas Court to follow Ohio Revised Code § 2929.14 was a violation of Due Process or Equal Protection.  Instead, he merely raised a question of state law:  did the trial court follow the statute?  The Twelfth District found that the trial court had acted in accordance with state law. That interpretation of state law is binding on this Court.  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991).

Because the Twelfth District's determination that the trial court made the appropriate findings needed for consecutive sentences and this Court cannot second guess that decision, Horna's First Ground for Relief is without merit and should be dismissed with prejudice.

**Second Ground for Relief:  Double Jeopardy**

In his Second Ground for Relief, Mr. Horna claims he is being punished multiple times for allied offenses of similar import as forbidden by Ohio Revised Code § 2941.25 and therefore by the Double Jeopardy Clause of the United States Constitution.

Respondent asserts this claim is procedurally defaulted because it was not presented to the Twelfth District on delayed direct appeal. (Return, ECF No. 6, PageID 149-52).  However, the Twelfth District realized that the appeal presented an allied offenses claim and decided it as follows:

> [*P15]  The Ohio Supreme Court has recently clarified the test for allied offenses. *State v. Ruff*, Slip Opinion No.2015-Ohio-995, 143 Ohio St. 3d 114, 34 N.E.3d 892. The *Ruff* court noted that the trial court or reviewing court must "first take into account the conduct of the defendant." *Id.* at ¶ 25.
>
>> If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.
>
> *Id.*
>
> [*P16]  In the present case, Horna's convictions were based on conduct that occurred separately over the course of a number of

> years. The gross sexual imposition conviction stems from conduct that occurred between January 1, 2005, and December 31, 2006. On the other hand, the unlawful sexual conduct with a minor conviction is based upon conduct that occurred between January of 2008 and December 31, 2009. It is plainly obvious the offenses were committed on separate occasions and with a separate animus. Accordingly, Horna's convictions are not allied offenses of similar import.

*State v. Horna, supra.*

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

An Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632 (1999), *overruled by State v. Johnson*, 128 Ohio St. 3d 153 (2010). "What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, '[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014), quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

Mr. Horna relies on *Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013), as supporting his Double

Jeopardy claim (Traverse, ECF No. 7, PageID 168. Actually, Volpe supports the Warden's position.  It held, "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes."  *Volpe, citing Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).  Here the Twelfth District expressly held that Horna's convictions were not for allied offenses of similar import because they were committed at separate times.  Unlike the charging document in Volpe, the Information in this case clearly distinguished the time periods involved in the two offenses.

Mr. Horna's Second Ground for Relief is without merit and should be dismissed with prejudice.

**Third Ground for Relief:  Ineffective Assistance of Counsel**

In his Third Ground for Relief, Mr. Horna asserts he received ineffective assistance of trial counsel when his trial attorney (1) failed to advise him of his rights under the law; (2) ignored Ohio felony sentencing mandates; and (3) advised Petitioner to be less than truthful at the plea hearing.

Respondent asserts this claim must be analyzed under *Strickland v. Washington,* 466 U.S. 668 (1984).  Petitioner responds that Strickland is "not a well-settled standard, but merely a boiler-plate of a Sixth Amendment right of Effective Assistance of Counsel."  (Traverse, ECF No. 7, PageID 169.)  Instead, Horna asserts that "[i]n accordance with the Constitution, effective assistance of counsel is the conscientious, meaningful representation wherein a defendant is advised of his fundamental rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him." *Id.*  This is certainly a reasonable reading of

what the Sixth Amendment generally requires.  However, to prevail on a claim under 28 U.S.C. § 2254, a habeas petitioner must show that his conviction and sentence violated the Constitution as shown in clearly established case law of the United States Supreme Court.  A District Court deciding a habeas corpus case cannot develop rights under the Constitution based on a "reasonable reading" provided by a habeas petitioner, but must follow the law as the Supreme Court has declared it.

*Strickland, supra,* is in fact the leading Supreme Court case on the meaning of ineffective assistance of trial counsel.  There the Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687.

Horna presented an ineffective assistance of trial counsel claim on delayed direct appeal and the Twelfth District decided it as follows:

> **[*P19]** WHETHER APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL.
>
> **[*P20]** To prevail on an ineffective assistance of counsel claim, an appellant must establish (1) that his trial counsel's performance was deficient and (2) that such deficiency prejudiced the defense to the point of depriving the appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 14. Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Strickland* at 688. To show prejudice, the appellant must prove there exists "a

> reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000 Ohio 448, 721 N.E.2d 52 (2000).
>
> **[\*P21]** Horna supports his claim of ineffective assistance of counsel by stating that, "[a]s previously elucidated, [Horna's] case is riddled with the absence of statutory requirements that are rudimentary at best." Having already found that the trial court did not err in imposing consecutive sentences or finding that the charges were not allied offenses under the first assignment of error, we do not find that Horna's counsel was deficient for declining to raise those meritless arguments below.
>
> **[\*P22]** In light of the foregoing, having found that Horna failed to show that his counsel's performance was deficient, Horna's second assignment of error is overruled.

*State v. Horna, supra.*

When a state court decides a federal constitutional issue later presented in habeas corpus, the federal court must defer to the state court's ruling unless it is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Terry Williams v. Taylor*, 529 U.S.362 (2000).

The Twelfth District clearly recognized *Strickland* as the controlling precedent and its application was completely reasonable: an attorney does not provide ineffective assistance when he fails to make completely meritless claims.

There are some ways in which Horna's ineffective assistance of trial counsel claims in this Court are broader than those he made in the Ohio courts. For example, he claims his attorney told him to be less than truthful during the plea hearing. That is a claim based on an off-the-record conversation with his attorney, the facts of which were not a matter of record before the Twelfth District. The way to place such facts of record is to file them as part of an Ohio Revised Code § 2953.21 petition. Mr. Horna has never done that and the time within which he

11

could have filed such a petition has passed.  Accordingly, he has procedurally defaulted on an off-record claims of ineffective assistance of trial counsel.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, the Court should also deny any requested certificate of appealability and certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

.

December 7, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).