# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

VICTOR J. HORNA,

        Petitioner,    :    Case No. 1:15-cv-680

- vs -                      District Judge Susan J. Dlott
                              Magistrate Judge Michael R. Merz

WARDEN,
  Chillicothe Correctional Institution,

                                  :

        Respondent.

## DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court upon Objections by Petitioner Victor Horna (ECF No. 10) to the Report and Recommendations of Magistrate Judge Michael R. Merz recommending that the Petition be dismissed with prejudice (the ":Report," ECF No. 9). As required by Fed. R. Civ. P. 72(b), the Court has reviewed de novo those portions of the Report to which objection is made.

Mr. Horna pleads the following grounds for relief:

> **Ground One**: Due Process and Equal Protection
>
> **Supporting Facts:** As provided by statute via the General Assembly, the courts failed at the plea hearing and at sentencing to comport with legislative mandates for "first-time" offenders. The bill of information cannot cure a statutory defect nor can Petitioner consent or acquiesce subject-matter jurisdiction where it is otherwise lacking. The "truth-in-sentencing" guidelines as intended by the legislature were ignored by the courts and counsel.

1

>**Ground Two:** Double Jeopardy
>
>**Supporting Facts:** Despite the legislative provision of [Ohio Revised Code] § 2941.25 which codifies the protections of the Double Jeopardy Clause, Petitioner was not afforded this statutory mandate and constitutional provision which prohibits multiple punishments for offenses of similar import.  Counsel and the court at the plea hearing and at sentencing did not address, resolve, or submit any waivers of this Fifth Amendment right.
>
>**Ground Three:** Ineffective Assistance of Counsel
>
>**Supporting Facts**: At all critical stages, counsel failed in his clear duty to advise Petitioner of his rights under the existing language of the legislature, the Ohio Constitution, and the United States Constitution.  Moreover, despite ignoring the felony sentencing mandates, counsel advised Petitioner to be less than truthful at the plea hearing

(Petition, ECF No. 3).

In his First Ground for Relief, Horna asserts the Common Pleas Court denied him due process and equal protection of the laws because it did not "comport with legislative mandates for 'first-time' offenders."  The Report found that this claim had been made to the Twelfth District Court of Appeals as a claim that the Common Pleas Court failed to make the statutory findings required before imposing consecutive sentences.  The Twelfth District found as a matter of fact that those findings had been made.  Magistrate Judge Merz found Mr. Horna had never presented this claim as a federal constitutional claim to the Ohio courts and the Twelfth District's decision definitively disposed of the claim as a state law claim.

In his Objections, Mr. Horna essentially argues, not that the trial court did not make the required findings, but that they were wrong in that his sentence is disproportionate to sentences imposed on other for the same offenses.  He claims the requirement in Ohio law on which he

2

relies was derived from *Oregon v. Ice*, 555 U.S. 160 (2009). In that case the Supreme Court upheld the practice of imposing consecutive sentences on the basis of findings made by a judge rather than the jury. The case does not mandate any particular considerations that judges must make before imposing consecutive sentences. In general, federal habeas courts are not authorized to reconsider sentences imposed by state courts if they are within the boundaries set by state law. Here the Twelfth District Court of Appeals found Mr. Horna's sentence was within those boundaries, and this Court is bound by that state law decision.

Petitioner's Second Ground for Relief is that he is being punished multiple times for allied offenses of similar import as forbidden by Ohio Revised Code § 2941.25 and therefore by the Double Jeopardy Clause of the United States Constitution. The Report found the Twelfth District's conclusion that the crimes in question were not allied offenses of similar import to be decisive. The Report also noted that the charging instrument in the case charged offenses occurring at different times.

In his Objections, Mr. Horna notes that the time periods in the Information are "vague." That is not a claim made in the Petition, nor does the record indicate that Mr. Horna ever sought a bill of particulars to clear up any vagueness. What is clear is that the time period in Count 1 ends a whole year before the time period in Count 2 begins. Neither the Double Jeopardy Clause nor Ohio Revised Code § 2941.25 prevents the State from punishing a persons for two similar crimes committed more than a year apart.

Mr. Horna's Third Ground for Relief asserts he received ineffective assistance of trial counsel when his trial attorney (1) failed to advise him of his rights under the law; (2) ignored

3

Ohio felony sentencing mandates; and (3) advised Petitioner to be less than truthful at the plea hearing. The Report analyzed this claim under the general standard adopted by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). It noted that Mr. Horna had raised an ineffective assistance of trial counsel claim on direct appeal and the Twelfth District had decided it on the merits, adversely to Mr. Horna's claims, by finding that failure to raise meritless underlying claims was fatal to Horna's ineffective assistance of trial counsel claims.

The Report found this Court should defer to the Twelfth District on the claims actually raised there and that Horna had procedurally defaulted his off-the-record claim (that his lawyer told him to lie) by not presenting it at all to the state courts.

Mr. Horna's Objections do not deal with specific points in the Report on this Third Ground for Relief. He merely asserts "the trial attorney completely failed in his competence." (ECF No. 10, PageID 189). A petitioner who fails to make specific objections to a magistrate judge's report forfeits his right to appeal the aspects of the report to which he did not object. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).

**Conclusion**

Having reviewed the Report de novo, the Court finds the Objections are not well-taken. Accordingly, the Report is ADOPTED and the Petition herein is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner is

denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 14, 2017.

S/Susan J. Dlott_____
Susan J. Dlott
United States District Judge
